UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|   |   |   |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Criminal Action No. 11-10415-NMG |
| | ) | |
| JAMES PRANGE et al., | ) | |
| | ) | |
| Defendants. | ) | |

ORDER ON MOTIONS FOR DISCOVERY

August 7, 2012

SOROKIN, C.M.J.

Defendants have each filed a discovery motion joined in by all of the other defendants. The Court held a (non-evidentiary) hearing on these motions on August 2, 2012.

1. Defendant Person's Motion (#45)

Defendant Person seeks to compel production of all co-conspirator statements (or alternatively those made only by non-testifying co-conspirators) on the theory that the statements are those of the defendant or are attributable to her (or him) under Fed. Rule of Evid. 801(d)(2)(E). This request is DENIED, United States v. Place, 2012 WL 2105879 (D.Mass. May 24, 2010), WITHOUT PREJUDICE to its renewal before the district judge. See United States v. June, 2011 WL 4443429, at *3 (D.Mass. Sept. 22, 2011) (describing disclosure issue as unresolved by the First Circuit and deferring issue to trial judge).

1

2. Defendant Jordan's Motion (#52)

Defendant Jordan seeks production of the legal instructions provided to the grand jury. Defendant has failed to establish the "particularized need" required for disclosure of grand jury materials in the case of a facially valid Indictment and in the absence of a showing of injury. Accordingly, the Motion is DENIED.

3. Defendant Kranitz's Motion (#42)

Defendant Kranitz requests the following additional discovery. First, he requests that the Court rule the "prosecution team" for purposes of discovery includes the United States Attorney's Offices from a variety of other districts as well as the SEC. The other USAO's are not part of the prosecution team – their only involvement in this case came about during the arrests of various out of district defendants.

Regarding the SEC, the Government has agreed (subject to objection by the SEC to be brought before the Court for consideration) to produce the Wells notice to the confidential witness, to produce the benefits conferred upon the confidential witness by the SEC and to review for discoverable information the reports of interviews by the SEC of witnesses testifying in this case for the Government. In light of the reasonable inference suggested by the nature of the investigation that the SEC played a role in some aspects of the investigation, the Government shall review and produce the discoverable information possessed by the SEC regarding the confidential witness at the time originally provided for under the Local Rules or within thirty days, whichever is later. See United States v. Gupta, 2012 WL 990830, at *2-3 (S.D.N.Y. March 26, 2012) (ruling that whether an agency is part of prosecution team turns, in part, on the particular discovery sought). Either the SEC, or the Government on behalf of the SEC, may object to any of the foregoing in which case the Court will hold a further hearing after review of any submissions. In addition, if the Government opposes the review of the SEC's files regarding the confidential witness, it may file further information (under seal or ex parte or not, as appropriate) tending to establish that the investigation was not joint for these purposes. The SEC or the Government

shall make any such filings by August 20, 2012.  The press release and press statements of the various officials do not establish that the SEC is a member of the prosecution team.  In all other respects, the request is DENIED.

Second, Kranitz requests all files, records and materials that reflect or relate to any promise, rewards, benefits or inducements made to any cooperating witness the Government intends to call at trial.  This request is DENIED as the Government has disclosed all of the promises, rewards and inducements and is not required to disclose all documents reflecting those promises etc.  Insofar as Kranitz requests disclosure of this or other Giglio type material earlier than the twenty-one days before trial established under the Local Rules, the request is DENIED.

Third, the request for the "instructions" given to the cooperating witness in this case is DENIED.  The instructions are not discoverable by virtue of their status as instructions.  As the Government recognizes, the Government is obligated to produce, at the appropriate times, those portions of the instructions, if any, that constitute Brady or Giglio material, especially in the circumstance (if such circumstance exists) in which the cooperator failed to follow his/her given instructions.

Fourth, the request for the cooperating witness's phone records is DENIED AS MOOT while the request for the agents' phone records is DENIED.

Fifth, Kranitz requests all e-mails, text messages, letters, notes, memoranda or documentation reflecting or relating to any correspondence or communication between the confidential witness, any attorney for the confidential witness and any government agent or lawyer involved in the investigation or prosecution of this case.  Insofar as this is a request for earlier disclosure, it is DENIED.  Plainly, these documents must be reviewed for discoverable information, something which the Government does not contest, but the defendants are not entitled to the entire sweeping set of information they seek and thus, the request is DENIED.  Insofar, however, that the request aims at communications reflecting

those benefits sought by the cooperating witness (or his counsel), the Government should review the communications with particular care as they might bear on the witness's bias, motive or credibility.

Finally, Kranitz requests all FBI FD-209a forms documenting contacts with the confidential witness during the investigation. The Government concedes that some of these documents may contain discoverable information and, to that extent, will produce the documents. In all other respects, the request is DENIED.

4. Defendant Berman's Motion (Docket #43)

Berman first requests all documents relating to "SeaFin Capital," the FBI's fictitious hedge fund. Insofar as Berman requests a copy of SeaFin's web page, the request is DENIED AS MOOT as the Government has now produced copies of all of SeaFin's public web pages. Insofar as Berman seeks documents that were part of or effectuated the "investments" that did occur as part of this case, e.g. the various documents or correspondence memorializing SeaFin's investment in China Wi-Max, the Government shall produce these documents as they are material to the defense.

Berman argues he is entitled to documents regarding the FBI's efforts to show SeaFin as a sophisticated and legitimate hedge fund company, such as the lease for its office where meetings with defendants occurred, the cost of creating SeaFin's web site etc. The Government contends that these documents are not relevant since Berman did not see them, thus they do not bear on his state of mind for the entrapment defense. Some discovery on this point is material and/or exculpatory. For example, presumably Berman saw SeaFin's web site and certainly he received the undercover agent's Seafin business card bearing a SeaFin email address. The web site and the existence of a SeaFin email server (e.g. something to the effect of name@seafin.com) lent business legitimacy to the undercover agent's activity. The nature, scope or extent of the web site as reflected in its web pages and cost of creation is intertwined with the presentation made by the Agent. As such, it is relevant, material and, possibly, exculpatory. No doubt the clarity or ambiguity of the "kickback" evidence bears on the view of this

evidence, but material evidence is not limited to exculpatory evidence. United States v. Pesaturo, 514 F.Supp.2d 177, 189-90 (D.Mass. 2007). Thus, the Government shall produce material or exculpatory information underlying the explicit and implicit presentation of the Seafin business to Berman. Insofar as Berman requests additional documents pertaining to SeaFin, the request is DENIED.

The transcript request is MOOT in light of the Government's response.

In light of the Government's representation that it will follow office policy as well as the applicable case law regarding disclosure of impeachment material regarding testifying law enforcement agents, I decline at this stage of the case to rule on: what might or might not be discoverable depending upon what appears in a particular agent's file; or whether the AUSAs must inspect personally the personnel files.

The question of the timing of the disclosure of Rule 404(b) materials is a matter for the district judge to consider at the Initial Pretrial Conference. L.R. 117.1(a)(4)(B).

The request for all notes of agents is DENIED. The Government correctly submits that notes may or may not be discoverable depending upon, inter alia, the content of the notes. There is no showing that the Government is failing to meet or to understand its discovery obligations and, in any event, the Government has agreed that the AUSAs will review personally the notes of testifying agents participating in the recorded meetings.

5. Defendant Prange's Motion (Docket #48)

Prange requests all of the audio and video recordings created in the course of the investigation leading to this Indictment. Insofar as he seeks recordings pertaining to other charged individuals, Prange may obtain them from other counsel; if counsel are prepared to make such an exchange. Insofar as he seeks the recordings pertaining to persons investigated, but not charged, the request is DENIED. These recordings do not bear on the defendant's state of mind and Prange has not articulated how the recordings contain exculpatory material. By August 30, 2012, the Government shall report whether

5

there are any investigated uncharged persons who participated in the events at issue in the Indictment with any of the defendants in this case for whom the Government possesses audio or video recordings of other meetings with that person not involving the Defendants. If such recordings exist, the Government shall address how and why the recordings are or are not discoverable and defendants may respond within ten days.

Prange also requests all documents regarding any other, including civil, investigations of the defendants or companies involved in this prosecution. These documents are beyond the scope of the SEC's involvement, if any, in the prosecution of this case. Moreover, the motive behind the Government's approach of the defendants is not relevant to the defense of entrapment. United States v. Djokich, 2010 WL 276336, at *2 (D.Mass. Jan 19, 2010) (Wolf, C.J.).

CONCLUSION

The Court makes the following rulings on the pending motions.

1. Defendant Person's Motion for Discovery (# 45) is DENIED WITHOUT PREJUDICE to its renewal before the district judge presiding over this case.

2. Defendant Jordan's Motion for Discovery (#52) is DENIED.

3. Defendant Kranitz (Docket #42) Motion is DENIED EXCEPT AS NOTED IN ONE RESPECT REGARDING THE SEC

4. Defendant Berman's Motion (Docket #43) is DENIED EXCEPT AS NOTED REGARDING CERTAIN SEAFIN DOCUMENTS

5. Defendant Prange's Motion (Docket #48) is DENIED

SO ORDERED.

    /s / Leo T. Sorokin
UNITED STATES MAGISTRATE JUDGE